IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Edward Dewayne Cartin, | ) | Civil Action No. 8:11-01079-CMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for a Report and Recommendation pursuant to Local Civil Rule 73.02(B)(2)(a), D.S.C., and Title 28, United States Code, Section 636(b)(1)(B).[1] Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's claim for supplemental security income ("SSI").[2] For the reasons set forth below, it is recommended that the decision of the Commissioner be reversed and remanded for administrative action consistent with this recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] A Report and Recommendation is being filed in this case, in which one or both parties declined to consent to disposition by a magistrate judge.

[2] Section 1383(c)(3) provides, "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." 42 U.S.C. § 1383(c)(3).

## PROCEDURAL HISTORY

In April 2008, Plaintiff protectively filed an application for SSI, alleging an onset of disability date of March 28, 2006.[3] [R. 238–42.] The claim was denied initially on July 31, 2008 [R. 185–88] and on reconsideration by the Social Security Administration ("the Administration") on February 20, 2009 [R. 183–84]. On April 20, 2009, Plaintiff requested a hearing before an administrative law judge ("ALJ") [R. 193–94], and on May 21, 2010, ALJ William F. Pope conducted a de novo hearing on Plaintiff's claims [R. 36–62].

The ALJ issued a decision on June 18, 2010, finding Plaintiff not disabled. [R. 13–35.] Specifically, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 22, 2008, the date of the application. [R. 18, Finding 1.] The ALJ found Plaintiff had severe impairments of degenerative disc disease, hiatal hernia, Barrett's esophagus, gastroesophageal reflux disease, pre-pyloric ulcer, and erosion in the antrum related to gastrointestinal distress. [R. 18–25, Finding 2.] The ALJ also found Plaintiff's depression and anxiety to be non-severe. [*Id.* at 25.] The ALJ further found Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. [R. 26, Finding 3.] Upon review of the record evidence, the ALJ concluded Plaintiff retained the residual functional capacity ("RFC") to perform light work with restrictions that require simple, routine tasks; a supervised environment; no lifting or carrying over twenty pounds occasionally and ten pound frequently; no standing or walking limitations; only occasional stooping, balancing and climbing of stairs or ramps; and no crawling or climbing of ladders or scaffolds. [R. 26,

---

[3]At his hearing before the administrative law judge, Plaintiff amended his onset of disability date to April 22, 2008. [R. 38.]

Finding 4.]  Considering Plaintiff's age, education, work experience, and RFC, the ALJ

found jobs existed in significant numbers in the national economy Plaintiff could perform.

[R. 28, Finding 9.]  As a result, the ALJ concluded Plaintiff had not been under a disability

as defined by the Social Security Act since April 22, 2008.  [R. 29, Finding 10.]

Plaintiff requested Appeals Council review of the ALJ's decision [R. 11–12] and

submitted additional evidence for consideration, which was made a part of the record  [R.

5], but the Council declined to review the ALJ's decision [R. 1–6].  Plaintiff filed this action

for judicial review on May 5, 2011. [Doc. 1.]

## THE PARTIES' POSITIONS

Plaintiff contends the ALJ erred by

1.    failing to properly assess the treating and evaluating physician's opinions as required by 20 C.F.R. § 404.1527(d)(1)–(6), SSR 96-2p, and SSR 96-5p [Doc. 23 at  21–30];

2.    failing to correctly assess Plaintiff's credibility and subjective allegations [*id.* at 30–36]; and

3.    failing to explain his findings regarding the Plaintiff's RFC, as required by SSR 96-8p [*id.* at 36–37].

The Commissioner, on the other hand, contends the ALJ's decision is supported by

substantial evidence in that the ALJ properly

1.    assigned limited weight to the treating physician's opinion [Doc. 24   at 13–15]; and

2.    evaluated Plaintiff's credibility [*id.* at 15–17].

Further, the Commissioner argues any error by the ALJ in providing an incomplete

explanation of the basis for his RFC finding was harmless error.  [*Id.* at 17–18].

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963)) ("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment

for that of the Commissioner so long as the decision is supported by substantial evidence. *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse the Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Where the Commissioner's decision "is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing.'" *Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir. 1991) (unpublished table decision). To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See, e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the claimant's residual functional capacity); *Brehem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (holding remand

5

was appropriate where record was insufficient to affirm but was also insufficient for court to find the claimant disabled). Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four may be appropriate to allow the Commissioner to explain the basis for the decision. *See Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant may produce further evidence on remand."). After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction. *Sargent*, 941 F.2d 1207 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

In contrast, sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g). A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there is good cause for the claimant's

failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991).[4] With remand under sentence six, the parties must return to the court after remand to file modified findings of fact. *Melkonyan*, 501 U.S. at 98. The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. *See Allen v. Chater*, 67 F.3d 293 (4th Cir. 1995) (unpublished table decision) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

## **APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a disability. 42 U.S.C. § 423(a). "Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

---

[4]Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence. *See, e.g.*, *Ashton v. Astrue*, No. 6:10-cv-152, 2010 WL 5478646, at *8 (D.S.C. Nov. 23, 2010); *Washington v. Comm'r of Soc. Sec.*, No. 2:08-cv-93, 2009 WL 86737, at *5 (E.D. Va. Jan. 13, 2009); *Brock v. Sec'y of Health & Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992). Further, the Supreme Court of the United States has not suggested *Borders*' construction of § 405(g) is incorrect. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990). Accordingly, the Court will apply the more stringent *Borders* inquiry.

> impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months.

*Id.* § 423(d)(1)(A).

## I.    The Five Step Evaluation

To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims).   The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment.   20 C.F.R. §§ 404.1520, 416.920. Through the fourth step, the burden of production and proof is on the claimant.   *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).   The claimant must prove disability on or before the last day of her insured status to receive disability benefits.   *Everett v. Sec'y of Health, Educ. & Welfare*, 412 F.2d 842, 843 (4th Cir. 1969).   If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience.   *Grant*, 699 F.2d at 191.   If at any step of the evaluation the ALJ can

find an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

### A.    *Substantial Gainful Activity*

"Substantial gainful activity" must be both substantial—involves doing significant physical or mental activities, 20 C.F.R. §§ 404.1572(a), 416.972(a)—and gainful—done for pay or profit, whether or not a profit is realized, *id.* §§ 404.1572(b), 416.972(b). If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity. *Id.* §§ 404.1574–.1575, 416.974–.975.

### B.    *Severe Impairment*

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *See id.* §§ 404.1521, 416.921. When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments. 42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G). The ALJ must evaluate a disability claimant as a whole person and not in the abstract, having several hypothetical and isolated illnesses. *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of impairments on a disability claimant, "the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them"). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. *Id.* at 50 ("As a corollary to this rule,

the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.").  If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process."  42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G).

**C.**     ***Meets or Equals an Impairment Listed in the Listings of Impairments***

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. §§ 404.1509 or 416.909, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience.  20 C.F.R. §§ 404.1520(d), 416.920(a)(4)(iii), (d).

**D.**     ***Past Relevant Work***

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant."  *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995).  At this step of the evaluation, the ALJ compares the claimant's residual functional capacity[5] with the physical and mental demands of the kind of work he has done in the past to determine whether the claimant has the residual functional capacity to do his past work.  20 C.F.R. §§ 404.1560(b), 416.960(b).

---

[5]Residual functional capacity is "the most [a claimant] can do despite [his] limitations."  20 C.F.R. §§ 404.1545(e), 416.945(a)(1).

### E.    *Other Work*

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  *See* 20 C.F.R. §§ 404.1520(f)–(g), 416.920(f)–(g); *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).  To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "grids").  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant nonexertional factors.[6]  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *Gory v. Schweiker*, 712 F.2d 929, 930–31 (4th Cir. 1983) (stating that exclusive reliance on the grids is appropriate in cases involving exertional limitations).  When a claimant suffers from both exertional and nonexertional limitations, the grids may serve only as guidelines.  *Gory*, 712 F.2d at 931.  In such a case, the Commissioner must use a vocational expert to establish the claimant's ability to perform other work.  20 C.F.R. §§ 404.1569a, 416.969a; *see Walker*, 889 F.2d at 49–50 ("Because we have found that the grids cannot be relied upon to show conclusively that claimant is not disabled, when the case is remanded it will be incumbent upon the [Commissioner] to prove by expert vocational testimony that despite the combination of exertional and nonexertional impairments, the claimant retains the ability to perform

---

[6]An exertional limitation is one that affects the claimant's ability to meet the strength requirements of jobs. 20 C.F.R. §§ 404.1569a; 416.969a.  A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands.  *Id.*  Examples of nonexertional limitations include but are not limited to difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing.  *Id.*

specific jobs which exist in the national economy."). The purpose of using a vocational expert is "to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform." *Walker*, 889 F.2d at 50. For the vocational expert's testimony to be relevant, "it must be based upon a consideration of all other evidence in the record, . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Id.* (citations omitted).

## II.    Developing the Record

The ALJ has a duty to fully and fairly develop the record. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). The ALJ is required to inquire fully into each relevant issue. *Snyder*, 307 F.2d at 520. The performance of this duty is particularly important when a claimant appears without counsel. *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980). In such circumstances, "the ALJ should scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, . . . being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (internal quotations and citations omitted).

## III.    Treating Physicians

The opinion of a claimant's treating physician must "be given great weight and may be disregarded only if there is persuasive contradictory evidence" in the record. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citing *Foster v. Heckler*, 780 F.2d 1125, 1130 (4th Cir. 1986) (holding that a treating physician's testimony is entitled to great weight because it reflects an expert judgment based on a continuing observation of the patient's

condition over a prolonged period of time); *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983)).   If a treating physician's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give it controlling weight.   20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).   The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence.   *Craig*, 76 F.3d at 590.   Similarly, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.   *See id.* (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence).

When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless assign a weight to the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record a whole; 5) specialization of the physician; and 6) other factors which tend to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d), 416.927(d).  In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  *See Mitchell*, 699 F.2d at 187 (stating that treating physician's opinion must be accorded great weight because "it reflects an expert judgment based on a

continuing observation of the patient's condition for a prolonged period of time"); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). An ALJ determination coming down on the side of a non-examining, non-treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes both ways. *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir.1986).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. 20 C.F.R. §§ 404.1527(e), 416.927(e). However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. *Id.*

## IV.     Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1517, 416.917; *see also Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986). The regulations are clear: a consultative examination is not required when there is sufficient medical evidence to make a determination on a claimant's disability. 20 C.F.R. §§ 404.1517, 416.917. Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary. *Id.*

## V.     Pain

Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing

the existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis. *Morgan v. Barnhart,* 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished opinion). First, "the ALJ must determine whether the claimant has produced medical evidence of a 'medically determinable impairment which could reasonably be expected to produce . . . the actual pain, in the amount and degree, alleged by the claimant.'" *Id.* (quoting *Craig*, 76 F.3d at 594). Second, "if, and only if, the ALJ finds that the claimant has produced such evidence, the ALJ must then determine, as a matter of fact, whether the claimant's underlying impairment *actually* causes her alleged pain." *Id.* (emphasis in original) (citing *Craig*, 76 F.3d at 595).

Under the Fourth Circuit's "pain rule," it is well established that "subjective complaints of pain and physical discomfort can give rise to a finding of total disability, even when those complaints [a]re not supported fully by objective observable signs." *Coffman*, 829 F.2d at 518. The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. §§ 404.1528, 416.928. Indeed, the Fourth Circuit has rejected a rule which would require the claimant to demonstrate objective evidence of the pain itself, *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990), and ordered the Commissioner to promulgate and distribute to all administrative law judges within the circuit a policy stating Fourth Circuit law on the subject

of pain as a disabling condition, *Hyatt v. Sullivan*, 899 F.2d 329, 336–37 (4th Cir. 1990).

The Commissioner thereafter issued the following "Policy Interpretation Ruling":

> This Ruling supersedes, only in states within the Fourth Circuit (North Carolina, South Carolina, Maryland, Virginia and West Virginia), Social Security Ruling (SSR) 88-13, Titles II and XVI: Evaluation of Pain and Other Symptoms:
>
> ...
>
> **FOURTH CIRCUIT STANDARD:** Once an underlying physical or [m]ental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence. If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability. Objective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motor disruption), if available, should be obtained and considered. Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.

SSR 90-1p, 55 Fed. Reg. 31,898-02, at 31,899 (Aug. 6, 1990). SSR 90-1p has since been superseded by SSR 96-7p, which is consistent with SSR 90-1p. *See* SSR 96-7p, 61 Fed. Reg. 34,483-01 (July 2, 1996). SSR 96-7p provides, "If an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms." *Id.* at 34,485; *see also* 20 C.F.R. §§ 404.1529(c)(1)–(c)(2), 416.929(c)(1)–(c)(2) (outlining evaluation of pain).

**VI.     Credibility**

The ALJ must make a credibility determination based upon all the evidence in the record.  Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Although credibility determinations are generally left to the ALJ's discretion, such determinations should not be sustained if they are based on improper criteria.  *Breeden*, 493 F.2d at 1010 ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor.  But administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained.").

## APPLICATION AND ANALYSIS

**Weight of Treating Physician's Opinion**

Plaintiff contends the ALJ failed to properly assess the opinion of Plaintiff's treating physician, Steven Youmans, M.D.  [Doc. 23 at 23–30.]  Specifically, Plaintiff argues the ALJ was required to make a determination as to each of the restrictions indicated by Dr. Youmans but failed to do so because the ALJ provided no finding as to whether the sit, stand, and walk restrictions were given significant weight along with the lifting restrictions or were dismissed as not supported by the evidence along with the other postural restrictions.  [*Id.* at 24.] Moreover, Plaintiff argues the clinical findings in the record support significant ongoing restrictions in stooping, kneeling, crouching, twisting, climbing stairs,

and reaching even though the ALJ concluded these restrictions were entitled to less weight due to lack of support in the objective findings and inconsistency with daily activities. [*Id.* at 25.] The Court agrees.

The ALJ is obligated to evaluate and weigh medical opinions "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527); *see* 20 C.F.R. § 416.927(d). Courts typically "accord 'greater weight to the testimony of a treating physician' because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." *Johnson*, 434 F.3d at 654 (quoting *Mastro*, 270 F.3d at 178). While the ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, *Craig*, 76 F.3d at 590, "the ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position," *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).[7]

_____

[7]Additionally, Social Security Ruling 96-2p requires an ALJ to give specific reasons for the weight assigned to a treating physician's medical opinion. SSR 96-2p, 61 Fed. Reg. 34,490-01 (July 2, 1996). As stated in the ruling,

> a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

*Id.* at 34,491.

Finally, the ALJ does not have to "give any special significance to the source of an opinion on issues reserved to the Commissioner." 20 C.F.R. § 416.927(d)(3).

### *Dr. Youmans' Opinion*

On March 1, 2010, Plaintiff established medical care with Dr. Youmans. [R. 1544–45.] Plaintiff presented with complaints of pain in his lower lumbar spine, radiating to his posterior thigh and left calf; he denied any problems with leg numbness or incontinence. [R. 1544.] Gastrointestinal examination revealed no masses, tenderness, or organomegaly and normal bowel sounds. [*Id.*] Neurologic examination revealed cranial nerves II through XII were intact as were deep tendon reflexes and sensation. [*Id.*] A urine drug screen was ordered, his medications were refilled, and he was advised to begin an exercise program for weight loss, for improvement in sleep hygiene, and to target depression. [R. 1545.]

Plaintiff returned to Dr. Youmans' office on April 7, 2010 with complaints of nausea and diarrhea. [R. 1542–43.] Dr. Youmans was not in the office, and Plaintiff was seen by Jacqueline DuBose, M.D. [*Id.*] Plaintiff related he had been seen in the emergency room two days earlier for symptoms of opiate withdrawal and was prescribed phenergan and Bentyl; he requested pain medication for low back pain from Dr. DuBose. [R. 1542.] After consulting with Dr. Youmans, Dr. DuBose prescribed Plaintiff enough pain medication to sustain him until he could be seen by Dr. Youmans the following week. [R. 1543.] On April 12, 2010, Plaintiff returned to see Dr. Youmans and reported he continued to suffer pain and that his pain was aggravated by lifting and walking and relieved with pain medications. [R. 1539.] Dr. Youmans assessed Plaintiff with pain syndrome and advised he would be weaned down to a more reasonable amount of pain medications. [R. 1540–41]. Plaintiff

was also advised that being more active and into a structured exercise and back strengthening program would be of great benefit in the long term. [R. 1541.]

Plaintiff returned to Dr. Youmans on April 27, 2010 for an independent disability medical examination. [R. 1536–38.] On a Physical Capacities Evaluation Form, Dr. Youmans indicated Plaintiff could sit, stand, and walk four hours each in an eight-hour workday; could lift/carry up to ten pounds frequently and up to twenty pounds occasionally; could push/pull up to ten pounds frequently and up to twenty pounds occasionally; and could never stoop, kneel, crouch, twist, or climb stairs. [R. 1500.] Additionally, Dr. Youmans found Plaintiff could never reach above his shoulder or below waist level, but could frequently reach at waist level, handle, finger, and feel. [R. 1501.] Dr. Youmans indicated Plaintiff had capacity for repetitive use of both hands but not his feet and indicated no environmental restrictions. [*Id.*] Dr. Youmans recommended Plaintiff begin an exercise program and not give his medications to his wife. [R. 1538.] Additionally, Dr. Youmans recommended Plaintiff attend a detox program, but Plaintiff refused as he did not agree it was necessary. [*Id.*]

### *Weight Assigned to Dr. Youmans' Opinion by the ALJ*

After considering Dr. Youmans' opinion, the ALJ stated:

> As a treating physician, Dr. Youmans' opinion is entitled great weight unless there is persuasive contradictory evidence <u>Coffman v. Bowen</u>, 829 F. 2d 514 (4th Cir. 1987). A treating physician's medical opinion on the issue of the nature and severity of an impairment is entitled to special significance and, when supported by objective medical evidence and consistent with other substantial evidence of record, entitled to controlling weight (Social Security Ruling 96-2p). When a treating physician's opinion is not supported by the clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight <u>Craig v. Chater</u>, 76 F.3d 585,

589, 590 (4th Cir. 1996). I give Dr. Youmans' opinion significant weight regarding the lifting restrictions imposed because the claimant's degenerative disk disease is well documented by objective findings. His opinion regarding the claimant's inability to use his feet, stoop, kneel, crouch, twist, climb stairs or reach above shoulders or below his waist is given less weight because it is not supported by objective findings in the record and is inconsistent with the claimant's daily activities which include regularly driving an automobile, walking, riding a bicycle, cooking and performing household chores.

[R. 27–28.] The ALJ failed to mention Dr. Youmans' sitting, standing, or walking limitations in the discussion of Dr. Youmans' opinion, though the RFC expressly excluded any limitations on Plaintiff's ability to stand and walk. [R. 26 (expressing as part of Plaintiff's RFC "no standing or walking limitations").]

### Analysis

Here, the ALJ failed to provide any discussion of how he weighed the *Johnson* factors when assigning Dr. Youmans' opinion less weight regarding Plaintiff's inability to use his feet, stoop, kneel, crouch, twist, climb stairs, or reach above shoulders or below his waist or significant weight regarding Plaintiff's lifting restrictions. Moreover, as previously stated, the ALJ failed to discuss at all Dr. Youmans' opinion with respect to Plaintiff's ability to sit, stand, and walk. Dr. Youman opined Plaintiff could sit, stand, and walk four hours each in an eight-hour workday. Though the ALJ's RFC found Plaintiff had no standing or walking limitations, the RFC is silent as to Plaintiff's sitting limitations. Additionally, in his discussion of Dr. Youmans' opinion, the ALJ failed to address the sitting,

standing, and walking limitations at all, much less explain what weight he gave this opinion and the reasons for assigning a weight.[8]

Next, the ALJ failed to provide more than a conclusory statement as to why he assigned Dr. Youmans' opinion less weight with respect to Plaintiff's inability to use his feet, stoop, kneel, crouch, twist, climb stairs, or reach above shoulders or below his waist and significant weight with respect to Plaintiff's lifting restrictions. The ALJ merely stated he gave less weight to Dr. Youmans' opinion regarding Plaintiff's inability to use his feet, stoop, kneel, crouch, twist, climb stairs, or reach above shoulders or below his waist "because it is not supported by objective findings in the record and is inconsistent with [Plaintiff's] daily activities which include regularly driving an automobile, walking, riding a bicycle, cooking and performing household chores." [R. 28.] However, the ALJ failed to point out any specific objective findings contradicting this opinion. Moreover, it is unclear how Dr. Youmans' opinion that Plaintiff could sit, stand, and walk four hours each in an eight-hour workday; could lift/carry up to ten pounds frequently and up to twenty pounds occasionally; could push/pull up to ten pounds frequently and up to twenty pounds occasionally; and could never stoop, kneel, crouch, twist, or climb stairs, reach above his shoulder or below waist level, and repetitively use both feet is inconsistent with Plaintiff's daily activities.

_____

[8]The Court also notes at least two agency physicians, Drs. Liao and Humphries, restricted Plaintiff's sitting, standing, and walking to six hours each in an eight-hour workday. [R. 658, 712.] While these opinions are less restricting than Dr. Youmans' opinion, they provide support for including some limitations on sitting, standing, and walking. However, the ALJ did not address the sitting restrictions at all and found Plaintiff had no standing and walking restrictions. Without any explanation regarding these opinions, the Court cannot determine whether substantial evidence supports the ALJ's treatment of Dr. Youmans' opinion and, therefore, whether substantial evidence supports the ALJ's RFC assessment.

The ALJ's decision left significant ambiguity as to the evidence the ALJ relied on to assign weight to Dr. Youmans' opinion, and the ALJ failed to assign any weight to a portion of Dr. Youmans' opinion.[9] Accordingly, the Court is unable to conclude the ALJ's treatment of Dr. Youmans' opinion is supported by substantial evidence and recommends the case be remanded for the ALJ to adequately assign weight to each of Dr. Youmans' opinions and to actually explain the inconsistencies, if any, he has identified.

**Plaintiff's Remaining Arguments**

Because the Court finds the ALJ's failure to properly weigh the opinion of Dr. Youmans is a sufficient basis to remand the case to the Commissioner, the Court declines to specifically address Plaintiff's additional allegations of error by the ALJ. However, upon remand, the Commissioner should take into consideration Plaintiff's remaining allegations of error.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends the Commissioner's decision be REVERSED and the case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action consistent with this recommendation.

---

[9]Although the Commissioner attempts to offer a post hoc rationalization of the ALJ's assignment of weight to Dr. Youmans' opinion [*see* Doc. 24 at 13–14 (stating Dr. Youmans gave no explanation for the limitations he reported, and the explanation or lack thereof is relevant in deciding what weight to assign to the opinion; Dr. Youmans' records indicated Plaintiff had no abnormal neurologic or musculoskeletal findings; no other treating physician placed any limitations on Plaintiff's activity; and Dr. Youmans' opinion was inconsistent with the findings of Drs. Liao and Humphries)], the Court cannot accept the post hoc rationale of the Commissioner now. *See Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003) ("[G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ."). The ALJ failed to expound on any perceived inconsistencies or adequately explain his reasoning for assigning varying weights to portions of Dr. Youmans' opinion, and the Court is not authorized to review the record to determine reasons not furnished by the ALJ.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

April 4, 2012
Greenville, South Carolina